NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALAA ELADAWEY, | Civil Action No.: 13-2976 (ES) |
| Plaintiff, | |
| v. | OPINION |
| FEDERAL RAILROAD ADMINISTRATION, | |
| Defendant. | |

**SALAS, District Judge**

**I.     Introduction**

Defendant Federal Railroad Administration ("Defendant" or "FRA") seeks dismissal of Plaintiff Alaa Eladawey's ("Plaintiff") complaint for, *inter alia*, lack of subject matter jurisdiction. (*See* D.E. No. 7).  The Court has considered the parties' submissions in support of and in opposition to the instant motion, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, the Court does not have subject matter jurisdiction, and, therefore, Defendant's motion to dismiss is GRANTED.

**II.    Background**

Plaintiff Alaa Eladawey avers that, on May 8, 2011, she[1] suffered injuries when a Port Authority Trans Hudson Corporation ("PATH") train on which she was a passenger struck a

---

[1] Plaintiff's complaint and Plaintiff's motion papers are not clear as to Plaintiff's gender.  (*Compare* Compl. ¶ 7, *with* D.E. No. 13, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl. Opp.") at 1).  Accordingly, this Court refers to Plaintiff's gender as female based on the motion papers.

bumping post in Hoboken, New Jersey.  (D.E. No. 1, Complaint & Jury Demand ("Compl.") ¶¶ 1, 7).

Plaintiff asserts that, on December 3, 2012, she "filed the Department of Justice's Standard Form 95 with five different governmental offices:  the FRA's offices in Massachusetts and in Washington, DC, the U.S. Department of Transportation's Tort Claims office and Office of General Counsel, and the U.S. Department of Justice's Civil Torts Branch."  (Pl. Opp. at 2-3 & Ex. A (unsigned copies of Standard Form 95)).   Defendant, however, contends that "the FRA did not receive any administrative claim."  (D.E. No. 14, Reply Brief In Support of Motion to Dismiss ("Def. Reply") at 2; *see also* D.E. No. 7-1, Memorandum of Law In Support of Motion to Dismiss ("Def. Br.") at 3; D.E. No. 7-2, Decl. of Gareth W. Rosenau ("Rosenau Decl.") ¶ 3).

On May 8, 2013, Plaintiff brought this action against the FRA, alleging that it failed "to approve or deny event recorders as required by Federal Law on PATH locomotives and . . . to enforce the PATH's obligation to install said recorders."  (Compl. ¶ 7).

**III.   Standard of Review**

A 12(b)(1) challenge may involve either a facial challenge to subject matter jurisdiction or a factual challenge to the jurisdictional allegations.  *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  If the defendant's attack is facial—i.e., "asserting that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction"—a court must accept all allegations in the complaint as true.  *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).  Alternatively, a defendant may "challenge a federal court's jurisdiction by factually attacking the plaintiff's jurisdictional allegations as set forth in the complaint." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A factual challenge attacks the existence of a court's subject matter jurisdiction apart from any of the pleadings and,

when considering such a challenge, a presumption of truthfulness does not attach to a plaintiff's allegations." *Id.*; *see also Martinez v. U.S. Post Office*, 875 F. Supp. 1067, 1070 (D.N.J. 1995).

"An attack on subject matter jurisdiction that is based on a lack of administrative exhaustion is a factual challenge and not a facial one." *See, e.g.*, *J.H. ex rel. J.H. v. Egg Harbor Twp. Bd. of Educ.*, No. 08-488, 2009 WL 1322514, at \*2 (D.N.J. May 11, 2009); *Courtney v. Choplin*, 195 F. Supp. 2d 649, 650 (D.N.J. 2002). When reviewing such a factual attack, the Court may consider evidence outside the pleadings. *J.H. ex rel. J.H.,* 2009 WL 1322514, at \*3. Furthermore, the plaintiff bears the burden of proving that jurisdiction exists in a factual challenge. *Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000).

**IV. Analysis**

Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff failed to properly file an administrative claim before commencing this action. (Def. Br. at 3). Specifically, Defendant contends that Plaintiff did not demonstrate that the appropriate federal agency actually *received* the administrative claim. (Def. Reply at 3 (emphasis added)). Defendant further claims that the United States was the only proper defendant, and that the FRA was improperly named. (Def. Br. at 4 n.2). And, finally, Defendant argues that Plaintiff failed to serve the United States within one hundred and twenty ("120") days after the complaint was filed and therefore Plaintiff's Complaint should be dismissed for failure to comply with Rule 4(m). (*Id.* at 5-10).

In opposition, Plaintiff maintains that she timely filed the "Standard Form 95 with five different governmental offices." (Pl. Opp. at 2-3). Further, although Plaintiff concedes that there were "technical flaws with service" and that her former attorney should have served the United States, Plaintiff argues that this Court should extend the time for service for good cause shown.

(*Id.* at 3-4). Thus, Plaintiff concedes that in order to serve the FRA, she should have served the United States. (*Id.* at 3).

It is well settled that the United States "may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Martinez*, 875 F. Supp. at 1071 (citation omitted). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, operates as a limited and conditional waiver of the United States' sovereign immunity, and must be strictly construed in favor of the sovereign. *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010).

"The FTCA has mandatory administrative claims procedures with which a plaintiff must comply prior to filing suit; if they are not followed, sovereign immunity is not waived, and the court lacks subject matter jurisdiction over plaintiff's claim." *Clark v. Wells Fargo Bank*, No. 13-1293, 2013 WL 1680178, at *2 (D.N.J. Apr. 16, 2013) (citation and quotation marks omitted); *see also Yedwab v. United States*, 489 F. Supp. 717, 717-20 (D.N.J. 1980) (same).

The presentment requirement—i.e., the filing of an administrative claim with the appropriate agency—is codified at 28 U.S.C. § 2675(a), which provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . .*

*Id.* (emphasis added). Section 2401(b) further requires that:

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). These requirements are jurisdictional and cannot be waived. *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003).

Moreover, "[a p]laintiff carries the burden of proof to establish presentment of her claim [to the appropriate Federal Agency]." *Medina v. City of Phila.*, 219 F. App'x 169, 172 (3d Cir. 2007). In order to satisfy this burden, "a plaintiff must demonstrate that the appropriate federal agency actually *received* the claim." *Id.* (emphasis in original) (citations omitted); *see also Acheampong v. United States*, No. 99-6133, 2002 WL 32130108, at *2 (E.D. Pa. Oct. 16, 2002) ("The copy of an unsigned SF-95, standing alone, is legally insufficient proof of the [agency's] alleged receipt of [the] FTCA claim.").

Thus, presenting a claim requires more than merely mailing the claim. *Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009); *see also Anderson v. United States*, 744 F. Supp. 641, 643 (E.D. Pa. 1990) ("The mere mailing of an administrative claim will *not* satisfy the requisite presentment.") (emphasis in original). And, proving receipt "is not an onerous requirement, as proof of receipt can easily be obtained by sending a claim by certified mail or by registered mail, or by obtaining acknowledgement of receipt from the agency itself." *Medina*, 219 F. App'x at 172-73.

Here, Defendant claims it did not receive the administrative claim by submitting a declaration of a Senior Attorney with the Office of Chief Counsel at the FRA who is "responsible for processing administrative claims filed against the FRA under the [FTCA]." (Rosenau Decl. ¶¶ 1-2). The Senior Attorney's declaration affirms that:

> All administrative claims against this agency are referred to me for investigation and recommendation concerning disposition. I have conducted a search of my files and found no administrative claim filed by the plaintiff under the FTCA in this matter. I have no recollection of an administrative claim having ever been filed

>against this agency by or on behalf of the plaintiff. Therefore, to the best of my information, knowledge, and belief, the Plaintiff in this action has not filed an administrative claim under the FTCA against this agency as of the current date.

(*Id.* ¶ 3).

Plaintiff, in turn, does not offer proof of receipt by the agency. Rather, Plaintiff submits five completed, but *unsigned* FTCA notices of claim, which are attached as exhibits without a sworn declaration. This is insufficient. *See Acheampong,* 2002 WL 32130108, at *2. Plaintiff also fails to offer a return receipt or certified mail receipt to prove that the claim was actually received by the agency. *See Medina,* 219 F. App'x at 172-73. And the Complaint itself does not allege that Plaintiff submitted a Standard Form 95 or that the FRA denied the claim. (*See generally* Compl.). Accordingly, Plaintiff has failed to meet her burden of establishing subject matter jurisdiction.[2] *See id.* (affirming dismissal under Rule 12(b)(1) for failure to demonstrate presentment).

## V. Conclusion

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED. An accompanying Order shall follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] Having found that this Court does not have subject matter jurisdiction, this Court need not address whether service was improper.